■ PEOPLE v GILBERT PARIS. [608 NYS2d 815] —Judgment reversed; the matter remanded for a new trial, as indicated. Concur—Murphy, P. J., Asch, Rubin and Nardelli, JJ.

■ In the Matter of ILAN REICH, a Disbarred Attorney. [608 NYS2d 815] —Application for reinstatement as an attorney and counselor-at-law in the State of New York referred to the Departmental Disciplinary Committee for the First Judicial Department for a hearing as indicated. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Asch, JJ.

(January 27, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CARLOS LOO, Appellant. [608 NYS2d 818] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered May 7, 1991, convicting defendant, after a jury trial, of grand larceny in the third degree, falsifying business records in the first degree, and criminal possession of a forged instrument in the second degree, and sentencing him to concurrent terms of six months imprisonment and 4½ years probation on each count, unanimously affirmed.

Defendant's contention that the court gave an unbalanced charge to the jury is unpreserved for appellate review (CPL 470.05 [2]) and we decline to reach it in the interest of justice. Were we to review, we would find the contention without merit. Rather than marshalling the evidence in the People's favor, the court merely set forth the evidence that had been presented in order to deliver limiting instructions on the manner in which the jury was to consider the evidence. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.